UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MONTE G. HOFFMAN,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>WARDEN RULE,<br><br>　　　　　　Respondent. | Case No. 4:22-cv-00278-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　Petitioner Monte G. Hoffman's Petition for Habeas Corpus under § 2241 was originally filed in the United States District Court for the Northern District of Indiana. That court changed venue to the District of Idaho because it identified several claims in the Petition that challenged Petitioner's sentence for a conviction in a federal criminal action in the United States District Court for the District of Idaho. *See* Dkt. 4.

　　　　Petitioner has been released from custody, but currently has pending another petition for writ of habeas corpus, which challenges his sentence under 28 U.S.C. § 2255, filed in Case No. 4:20-cv-00163-DCN. Petitioner is not permitted to pursue two different cases to challenge the same sentence. Therefore, any sentencing challenge claims included in the Petition in this case shall be asserted via amendment in Petitioner's other case, No. 4:20-cv-00163-DCN. Claims related to Petitioner's failure to obtain release are moot, and should not be asserted, given that Petitioner has now been released. *Cf. United States v.*

*Palomba*, 182 F.3d 1121, 1123, 1123 n.3 (9th Cir. 1999), relying on *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (determining that a petitioner has no standing to challenge an improper but completed sentence).

Petitioner also has asserted conditions of confinement claims in his Petition. While the Ninth Circuit and the Supreme Court have not absolutely foreclosed the possibility that in some circumstances, § 2241 might provide a federal prisoner a remedy for a conditions-of-confinement claim, most courts have not permitted such claims to be asserted in a habeas corpus action, but require them to be brought in a civil rights action. *See Bruno v. Warden*, No. CV 20-6390 JFW (PVC), 2021 WL 2323941, at *6 (C.D. Cal. May 14, 2021) (§ 1983 context), *report and recommendation adopted*, No. CV 20-6390 JFW (PVC), 2021 WL 2313657 (C.D. Cal. June 7, 2021) (collecting cases).

Therefore, in this action, Petitioner must file a separate amended civil rights complaint consistent with *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal civil rights counterpart to 42 U.S.C. § 1983, to bring any conditions of confinement claims for damages that survive his release from the Indiana federal prison, such as his claims that (1) on May 26, 2022, he was assaulted by Officer Bornhardt, who threw him face down on the concrete floor of a holding cell with no provocation; (2) he has been held hostage by prison officials at FCC Terra Haute; (3) he was repeatedly held in the SHU, starved, and given little to no hygiene supplies or recreation; (4) Assistant Warden Guess purposely hindered him from obtaining placement in a halfway house; and (5) he was denied medical care for nodules on his lungs and maintenance of a prosthetic heart valve.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

For any *Bivens* claims, venue is improper in the District of Idaho because all defendants likely would be Indiana residents, the events giving rise to Petitioner's claims all occurred in Indiana, and it does not appear that any defendant is subject to the personal jurisdiction of this Court. *See* 28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406(a), if a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The United States Supreme Court has indicated that the "interest of justice" language in § 1406(a) was meant to combat the "uncertainties of proper venue [when] a mistake is made" as to the "existence of some elusive fact." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). Here, Petitioner's assertion of habeas and civil rights claims in a single case is mistaken, and confinement in Indiana for an Idaho conviction is confusing to pro se litigants desiring to file court actions. Therefore, the interests of justice would be served by a venue transfer if Petitioner files a proper *Bivens* claim for damages arising from his past confinement in an Indiana federal prison; if the Court merely dismissed Petitioner's claims, his statute of limitations may expire. If Petitioner does not file an amended complaint, this case will be dismissed without prejudice.

**ORDER**

**IT IS HEREBY ORDERED:**

1. Petitioner may not proceed on sentencing claims in this case, but must bring any that have not been mooted by his release in his § 2255 matter, Case No. 4:20-cv-00163-DCN.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

2. Petitioner may not proceed on civil rights-type conditions-of-confinement claims in this action, for lack of venue and failure to state a proper § 2241 claim.

3. Petitioner may file an amended civil rights complaint in this action under *Bivens* if he desires to pursue damages for conditions-of-confinement claims arising from his FBOP - Terre Haute, Indiana incarceration. This Court will then transfer only that portion of the case to the United States District Court in Northern Indiana.

4. Petitioner's current in forma pauperis application (Dkt. 3) is DENIED as MOOT, given that Petitioner no longer is imprisoned. Petitioner must either file a non-prisoner in forma pauperis form or pay the filing fee of $405 with his submission of any amended complaint.

5. Failure to take these actions in this case **within 30 days** after entry of this Order will result in dismissal of this case without prejudice for failure to state a claim, lack of venue, and improper duplicate filings.

DATED: January 26, 2024

David C. Nye
Chief U.S. District Court Judge